UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-tp-80004-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

VINCENT NORMAN,

        Defendant.

_____/



FILED by _____ D.C.

FEB 24 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## DETENTION ORDER

The Defendant, VINCENT NORMAN, appeared before the Court on February 23, 2009, represented by CJA-appointed counsel Peter Patanzo, for a detention hearing pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a). The Defendant was originally convicted on June 26, 2002 for committing bank fraud, in violation of 18 U.S.C. § 1344(2). On September 18, 2002, the Defendant was sentenced to 14 months in prison, to be followed by 5 years of supervised release. On October 6, 2003, after serving the prison portion of his sentence, the Defendant commenced his term of supervised release.

The Defendant is now charged with violating supervised release by: (1) failing to refrain from violating the law, by committing grand theft on January 14, 2008 in Palm Beach County, in violation of Florida Statute 489.126; (2) failing to refrain from violating the law, by committing the offense of unlicensed contracting on January 14, 2008 in Palm Beach County, in violation of Florida Statute 489.127; (3) failing to refrain from violating the law, by committing the offense of organized scheme to defraud over $250,000 from April 2006 to June 2007 in Palm Beach County, in violation of

1

Florida Statute 817.034(d); (4) failing to refrain from violating the law, by committing the offense of grand theft over $250,000 from April 2006 to June 2007 in Palm Beach County, in violation of Florida Statute 812.104(2); (5) failing to satisfy the court-ordered restitution, specifically the Court ordered the Defendant to pay restitution in the amount of $173,796 on September 18, 2002, and the Defendant has made no restitution payments since October 8, 2007; (6) failing to report to the probation officer, as directed, on May 6, 2008; and (7) failing to answer truthfully to all inquiries by the probation officer, specifically the Defendant stated that he was an employee of Constructive Properties, while an affidavit provided by this company's manager shows this statement to be false.

On July 2, 2008, the Defendant stipulated to detention without prejudice to later file a motion for hearing with respect to the issue of detention. On February 18, 2009, the Defendant filed a Motion for Bond Pending Final Violation of Supervised Release Hearing (DE 31). In his written Motion, the Defendant argued it is "appropriate to revisit the issue of the defendant's current pretrial detention status" because the allegations against the Defendant are non-violent, the Defendant has minimal criminal history outside of his original federal conviction, and the Defendant has strong community ties and does not pose a flight risk or danger to the community.

At the hearing on the Defendant's Motion, the Government proffered that detention is warranted because the Defendant has shown a pattern of failure to follow his probation officer's instructions. Specifically, the Government proffered that the Defendant has made false statements to his probation officer, including false statements about where he lives. Further, the Government proffered that the Defendant poses a risk of flight and threat of economic harm to the community.

In support of its proffer, the Government called upon U.S. Probation Officer Randel Frimet to testify. Frimet testified that he assumed supervision over the Defendant in January 2007. Frimet

stated that towards the end of the Defendant's term of supervision, Detective Wright of the Palm Springs Police Department advised Frimet of an ongoing investigation into alleged fraudulent transactions by the Defendant involving his former employer, Owner Builder's Alliance, Inc. Frimet advised the Court of this ongoing state investigation. Additionally, Frimet testified that he had reason to believe that the Defendant may have stolen from former employer MHS Construction. Specifically, the owner of MHS Construction advised Frimet that the Defendant may have stolen from his construction company, but that the company did not find it to be worth it to file formal criminal charges against the Defendant. Frimet also testified that the Defendant engaged in unauthorized work for another company called Constructive Properties. Frimet stated that the Defendant stole over $10,000 from an individual named Susan Stern.

      Further, Frimet testified that he spoke with an individual who identified himself as a new renter at the Lake Worth property where the Defendant said he resided. According to the new renter, the Defendant had moved out the day before. Frimet stated that the Defendant never notified him of this move. Additionally, Frimet stated that the Defendant advised Frimet that he lived at a home located in Homestead. Frimet had another probation officer in that area visit the Homestead residence. According to Frimet, his colleague reported back that the homeowner there "emphatically" represented that the Defendant did not live there. The homeowner, Mrs. Fonseca, also indicated that the Defendant and her daughter, Vivian Pancheco, were no longer dating. Lastly, Frimet testified that in March of 2006, while on supervised release, the Defendant left the district where he was residing at the time without authorization. Apparently, the Defendant left the district to take his children to Disneyland. As a sanction for this violation, the Defendant was placed on an electronic monitoring system. Frimet ended by stating that he believed the Defendant intentionally

tried to deceive him by lying about where he lived.

On cross-examination, Frimet confirmed that he supervised the Defendant for a total of 18 months after the case was transferred to this district from the Middle District of Florida. Frimet described the Defendant as having a "history of non-compliance" with his supervised release terms. Frimet stated that his information about the Defendant's alleged unauthorized work for Constructive Properties derived from his conversation with the company's local manager, Joel Joseph. Frimet stated that he never spoke with the company's licensed owner.

In his closing argument, the Defendant argued that he has every intention to appear in Court at future hearings. The Defendant claimed that he encouraged his girlfriend, Ms. Pacheco, to civilly sue the alleged victims of the transactions being investigated by the state. The Defendant also claimed that he successfully completed a portion of his term of supervised release, has three children living in this district, and has a job and residence waiting for him should he be allowed out on bond. The Government countered that the statutory maximum amount of time that the Defendant is facing for the instant violations is 3 years, which is a substantial amount of time. The Government argued that the Defendant poses a risk of fleeing the jurisdiction to avoid the possibility of being convicted of committing the instant violations. The Defendant's flight risk is supported by the unrebutted evidence showing that the Defendant previously absconded from his district of supervision to take his children to Disneyland. Further, the Government maintained that the Defendant poses a threat of economic harm to the community if he is released.

Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure provides that a magistrate judge may release or detain a person charged with violating supervised release under the provisions of 18 U.S.C. § 3143(a). Rule 32.1(a)(6) places the burden on the defendant to establish that he will not

4

flee or pose a danger to any other person or to the community. A defendant shall be detained pursuant to 18 U.S.C. § 3143(a) unless the judge finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released.

In this case, the Court finds that the Defendant has not met his burden of proving that he will not flee or pose a danger to any person or to the community if released, under any condition or combination of conditions set forth in 18 U.S.C. § 3143(a). On the contrary, the Court finds that the Defendant's instant violations, including allegedly violating the law by committing similar acts to those underlying the conviction for which he is serving supervised release, speak to the Defendant's fundamental lack of respect for the rule of law. The Defendant poses a threat of economic danger to the community, as exemplified by his original conviction for bank fraud combined with the instant violations. Further, it is unrebutted that, during his term of supervised release, the Defendant previously fled his district of supervision without authorization. This unrebutted evidence speaks to the risk that the Defendant will flee if released. In addition, the Defendant's false statements to his probation officer about his place of residence show that the Defendant may try to abscond from supervision if released. Under these circumstances, and given the dictates of 18 U.S.C. § 3143(a), the Court orders the Defendant, Vincent Norman, detained. Accordingly, it is hereby

ORDERED that the Defendant's Motion for Bond Pending Final Violation of Supervised Release Hearing (DE 31) is DENIED.

It is further ORDERED that the Defendant be remanded to the custody of the U.S. Marshal. The Court directs that the Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an

attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 24 day of February, 2009.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
U.S. District Judge Daniel T. K. Hurley
AUSA Robert Waters
Peter Patanzo, CJA